```
 1                  UNITED STATES DISTRICT COURT

 2                  WESTERN DISTRICT OF NEW YORK

 3  - - - - - - - - - - - - -X
    KIMBERLY CHIAPPERINI, ET AL.,          14-CV-6281(L)
 4               PLAINTIFFS
    vs.
 5                                         Rochester, New York
    GANDER MOUNTAIN COMAPNY, INC.,         July 28, 2014
 6  DAWN NGUYEN, AND THE ESTATE            3:45 p.m.
    OF WILLIAM SPENGLER,
 7               DEFENDANTS.
    - - - - - - - - - - - - - -X
 8
                       TRANSCRIPT OF PROCEEDINGS
 9           BEFORE THE HONORABLE DAVID G. LARIMER
                  UNITED STATES DISTRICT JUDGE
10

11                  JONATHAN E. LOWY, ESQ.
                    1225 Eye Street NW, Suite 1100
12                  Washington, DC 20005
                         - and -
13                  ARNOLD & PORTER
                    BY: MICHAEL D. SCHISSEL, ESQ.
14                      ERIC LEE, ESQ.
                    399 Park Avenue
15                  New York, New York 10022
                         - and -
16                  WOODS OVIATT GILMAN LLP
                    BY: DONALD W. O'BRIEN, JR., ESQ.
17                  700 Crossroads Building
                    Two State Street
18                  Rochester, New York 14614
                    Appearing on behalf of the Plaintiffs
19

20                  GOLDBERG SEGALLA, LLP
                    11 Martine Avenue, 7th Floor
21                  White Plains, New York 10606
                    Appearing on behalf of the Defendants
22

23

24  COURT REPORTER:    Christi A. Macri, FAPR, RMR, CRR, CRI
                       Kenneth B. Keating Federal Building
25                     100 State Street, Room 4240
                       Rochester, New York 14614
```

<u>**P R O C E E D I N G S**</u>

\*          \*          \*

**THE COURT:** All right.  Good afternoon, all.

**MR. LOWY:** Good afternoon.

03:47:51PM **MR. STAPLETON:** Good afternoon.

**THE COURT:** We are here on the plaintiffs' motion to remand this case to state court, motion brought by defendant Gander Mountain Company.

Why don't we have appearances for plaintiff?

03:48:15PM Mr. O'Brien?

**MR. SCHISSEL:** For the plaintiffs, Mike Schissel from Arnold & Porter, and also with me is Eric Lee.  My last name is spelled S-C-H-I-S-S as in Sam, E-L.  Schissel.

**THE COURT:**  Schissel?

03:48:30PM **MR. SCHISSEL:** Schissel.

**THE COURT:** I'm sorry, Schissel.

**MR. SCHISSEL:** One of my colleagues from Arnold & Porter, Eric Lee, is also with me.

**THE COURT:** Okay.  Who will be carrying the rowing

03:48:41PM oar here in terms of argument?

**MR. SCHISSEL:** I will be, Your Honor.

**THE COURT:** Okay.  It's nice to see Mr. O'Brien here.

**MR. O'BRIEN:** Yes, Your Honor, for the plaintiffs.

03:48:49PM **THE COURT:** Okay.  Appearing for Gander Mountain?

                    **MR. STAPLETON:** For defendant Gander Mountain, Brian

T. Stapleton, S-T-A-P-L-E-T-O-N, trial counsel from Goldberg

Segalla.  My office is located at 11 Martine Avenue in White

Plains, New York 10606.  Good afternoon, Your Honor.

03:49:08PM        **THE COURT:** Good afternoon.  Perhaps Mr. Schissel

and Mr. Stapleton could join me up here at the lecterns and

we'll see what we can do here.

          You can explain to me what this is all about.

Actually, I think I know exactly what it's all about.

03:49:33PM        I guess, Mr. Stapleton, first off, since I know

you're admitted to this court, I don't think you received

leave to file a brief exceeding our local rule, a 25 page

requirement.  Do you wish to make that application now?

          **MR. STAPLETON:** Your Honor, I apologize for not

03:49:52PM doing so and yes, I do wish to ask the Court to accept our

oversize briefing.

          **THE COURT:** All right, we'll grant that.

          **MR. STAPLETON:** Thank you, Your Honor.

          **THE COURT:** Try to, I guess, Mr. Stapleton, I will

03:50:08PM start with you first.  What legal authority, either in the

statute or by case law, do you have that this kind of action,

which implicates, I don't know if you pronounce the acronym

PLCAA or the Protection of Lawful Commerce and Arms Act.

          Is PLCAA an acceptable acronym?

03:50:36PM        **MR. STAPLETON:** I honestly don't know, Your Honor.

1          **THE COURT:** I don't either.

2          **MR. SCHISSEL:** That's the way we refer to it, Your

3    Honor.

4          **MR. STAPLETON:** I just say PLCAA.

03:50:44PM 5          **THE COURT:** I like PLCAA.

6          **MR. STAPLETON:** PLCAA.

7          **THE COURT:** What legal authority do you have that

8    PLCAA, the statute passed back in 2005, I think, preempts this

9    court from having jurisdiction over the matter?  Start with

03:51:02PM 10   the statute.  Is there anything in the statute that says that?

11          **MR. STAPLETON:** That says this court -- that

12   preempts this court from having jurisdiction?

13          **THE COURT:** Yeah.

14          **MR. STAPLETON:** There is nothing in the statute by

03:51:11PM 15   its terms that preempts this court from exercising

16   jurisdiction, if I understood Your Honor correctly.

17          **THE COURT:** Isn't that part of your argument here

18   that, I'm sorry, I misspoke.  State court.

19          **MR. STAPLETON:** State court.

03:51:24PM 20          **THE COURT:** I'm sorry, state court.  What in the

21   statute preempts New York state court from entertaining the

22   action?

23          **MR. STAPLETON:** Well, because the statute under

24   7902, Your Honor, precludes the commencement of a qualified

03:51:41PM 25   civil liability action in any court, anywhere, and that would

1  include federal court or state court.

2  **THE COURT:** Well, but I think you would agree that

3  the statute doesn't, unlike some other statutes that Congress

4  has passed which very specifically say, for instance, I think

03:52:01PM 5  ERISA might be one, that federal law and federal court

6  preempts any action in state court.  This me does not seem

7  to be that kind of statute.

8  Since it, as you know, by its very terms it refers

9  to the fact that any action brought in state or federal court,

03:52:21PM 10  if it's a qualified action, is barred or precluded.

11  So I -- I don't think the statute automatically

12  precludes state court from handling this under the preemption

13  doctrine.  If you have case law that suggests that or says

14  that, we haven't found any.

03:52:41PM 15  **MR. STAPLETON:** I do not have case law which says

16  that the -- that PLCAA automatically precludes a state court

17  from adjudicating the action.  And there are more than one

18  example in which a state court has interpreted PLCAA to have a

19  preclusive effect.  That is not the heart of our argument,

03:53:03PM 20  Your Honor.

21  **THE COURT:** I thought it was.  I thought the gist of

22  the argument was that the -- you also raise federal question

23  jurisdiction and suggestion that the state courts might be

24  biased in somewise.

03:53:15PM 25  But I thought the gist of your argument was that

1  there is a preemption argument here that makes this case

2  amenable to or properly prosecuted in federal court, not state

3  court.  I don't think the statute supports that.

4       **MR. STAPLETON:** Well, Your Honor, we are -- our

03:53:38PM 5  argument is that PLCAA completely eviscerates the common law

6  and prohibits the commencement of a qualified legal -- a

7  qualified civil liability action in any jurisdiction.

8       The complement to that argument is that this is

9  inherently a federal question and, therefore, removal is

03:54:01PM 10  proper to this court.

11       **THE COURT:** What does that mean, it's inherently a

12  federal question?  I don't know what that means.

13       **MR. STAPLETON:** Well, we believe that because --

14  because PLCAA has a preemptive effect and we don't -- to be

03:54:13PM 15  clear, we are not claiming that PLCAA is completely preemptive

16  in the way that ERISA is or -- and NLRB matters are.

17       But they -- but PLCAA completely preempts a

18  specified subset of actions brought against qualified sellers

19  of qualified products.

03:54:34PM 20       That is not in favor -- that is not in favor, Your

21  Honor, of federal court over state court, but it is -- it is

22  in any jurisdiction period, end of story.

23       The issue of whether or not --

24       **THE COURT:** That's a big concession, though.  I

03:54:49PM 25  think what you're saying is some judge is going to have to

1  decide whether this particular lawsuit is barred by PLCAA, to

2  use your acronym, and you suggest it should be me, and the

3  plaintiffs suggest, no, there's no reason why a state judge

4  can't make the same kind of analysis.

03:55:06PM 5          **MR. STAPLETON:** Your Honor, the issue -- the issue

6  of whether the removal -- the only issue we're here today to

7  decide is whether removal to this court was proper.

8          **THE COURT:** I agree.

9          **MR. STAPLETON:** And removal to this court was proper

03:55:19PM 10 because of PLCAA's preemptive effect and the fact that none of

11 the plaintiffs' claims stand or fall independently of PLCAA.

12         Every single one of plaintiffs' causes of action

13 must be analyzed through the prism of PLCAA before it can be

14 said to go forward, and that is a federal question.

03:55:42PM 15        The --

16         **THE COURT:** That's easy to say, but I think the

17 plaintiffs would suggest that it's not necessarily so.  They

18 are garden variety state claims and, admittedly, there are

19 some hurdles that PLCAA imposes.

03:55:58PM 20        But the second question I wanted to ask you, and I

21 think you've already answered it, you admit that PLCAA does

22 not bar all actions against firearms manufacturers and

23 dealers.

24         I think you have to agree that the statute says

03:56:13PM 25 there are certain actions that are not barred by PLCAA.  Some

have to do with product liability, which are not, you know,

defects in the product, which we're not talking about, but

there seem to me to be other sections under the statute --

well, you know what they are, Section 5 of the statute, 79 --

03:56:39PM         **MR. STAPLETON:** 7905(a).

**THE COURT:** 7903(5), they list several exceptions.

Negligent entrustment or negligence per se, the seller

knowingly violated a state or federal statute, and that that

violation was the proximate cause.

03:56:56PM         It seems to me you have to concede that not every

action involving a firearm bought from a manufacturer or

seller is barred by PLCAA.

Can we at least agree on that.

**MR. STAPLETON:** Judge, we can't.

03:57:09PM         And I will even go further and say that had this

complaint been drafted to only contain counts for negligent

entrustment or negligence per se, we wouldn't be standing

here.

Those actions, if well pleaded, fall within the

03:57:22PM narrowly defined exceptions to PLCAA.  However, that's not the

case here.  There are -- the majority of the plaintiffs'

causes of action are expressly prohibited by the statute in

that there are -- in that the language of the statute is very,

very clear.

03:57:38PM         For example, Your Honor, we discuss in our brief

1 the issue, the claim of negligent training and supervision for

2 which the plaintiffs have not alleged any predicate statutes,

3 for which there is no common law basis and which are expressly

4 prohibited per the intent of the people who wrote the statute.

03:58:00PM 5 Their corollary request for relief, which is an

6 injunction tagged on to and relating to the negligent training

7 and supervision, is a clearly prohibited qualified civil

8 liability action.

9 Now, the same could be said, Your Honor, for

03:58:16PM 10 Count 7, which is public nuisance.

11 Counts 8 -- actually, the remainder of the counts,

12 Counts 7 through 12, which are public nuisance, loss of

13 consortium, wrongful death and survival.

14 Congress enacted a series of very narrowly tailored

03:58:30PM 15 exceptions to the prohibitive effect of a statute.  Had they

16 wished to allow a public nuisance claim or a wrongful death

17 claim or loss of consortium claim go forward, they could and

18 would have done so.  They did not.

19 **THE COURT:** Let me just -- before it gets too far

03:58:47PM 20 away and I forget my question --

21 **MR. STAPLETON:** Sure.

22 **THE COURT:** -- I thought that in the reply to your

23 motion, that the plaintiffs suggested that in some way you

24 recognized that some claims brought by the plaintiff might

03:59:05PM 25 come within the ambit of the exceptions of Section 7903(5)

1    because I thought, Mr. Schissel -- am I saying that right?

2              **MR. SCHISSEL:** That's correct, Your Honor.

3              **THE COURT:** That in your papers you suggested that

4    the motion to dismiss that was filed relatively close to the

03:59:24PM 5    motion to remand only challenged certain of the causes of the

6    complaint.

7              Am I accurate or --

8              **MR. SCHISSEL:** That's absolutely correct, Your

9    Honor.  It only challenged two of our 12 counts.

03:59:37PM 10             **THE COURT:** So I guess, Mr. Stapleton, doesn't that

11   suggest that by dint of your motion, that you recognize there

12   are some claims against manufacturers and dealers that might

13   come within the ambit of 7903(5)?

14             Well, I guess that's my question.

04:00:03PM 15             **MR. STAPLETON:** And the answer is respectfully, Your

16   Honor, no, for two reasons.  One, the prohibitive operative

17   language of the statute is 7902, which is very simple, it's a

18   single sentence:  Qualified civil liability actions are

19   prohibited.

04:00:19PM 20             Relying on the fact that we made a motion under

21   12(b)(6), which was made not coincidentally, Your Honor,

22   before Dawn Nguyen pleaded guilty before you to a specific

23   federal statute in which she admitted that she lied with the

24   intent to deceive Gander Mountain is of no moment and no

04:00:41PM 25   bearing on this motion for remand.

1          A 12(b)(6) motion, as you know, Your Honor, has a

2    very, very different and lower standard than a Rule 56 motion.

3          And that motion, our 12(b)(6) motion was filed with

4    knowledge and respect of the low threshold pleading standards

04:01:01PM 5  and made before Ms. Nguyen pleaded guilty to lying with the

6    intent to deceive Gander Mountain before you.

7          **THE COURT:** I don't know what her pleading has to do

8    with this.

9          **MR. STAPLETON:** Your Honor, I bring it up because it

04:01:15PM 10  speaks to the arrows we had in our quiver at the time we made

11    the motion and are without -- without respect to what the

12    PLCAA had to say, but more with respect to the facts that we

13    had or did not have at the time we made our motion.

14          **THE COURT:** Well, let me ask you about something

04:01:36PM 15  that I think you concede in your papers, that generally in

16    removal situations, the fact there might be a federal defense

17    to a lawsuit is generally, in my view, universally the rule

18    that that does not state a valid reason for removal.

19          The plaintiff has some right to choose the nature

04:01:57PM 20  of his or her or its complaint and the forum, and the fact

21    that there might be a defense under federal law does not

22    constitute, in my view, a federal question or give you the

23    basis to remove the case.

24          And I think the plaintiffs have suggested that's

04:02:15PM 25  really what you did in your initial motion to remove, that you

1   suggested there were some federal issues under the statute,

2   and, therefore, you should leap frog from state court to

3   federal court.

4           This PLCAA statute seems to me to be a shield to

04:02:36PM 5   certain actions, not all, but certain actions which should be

6   raised in the proper forum and the proper place at the proper

7   time.

8           I mean, isn't this just like any other defense

9   that's raised in an action that generally does not allow, does

04:02:53PM 10   not warrant, does not justify removal just based on the fact

11   there's a federal, possible federal defense?

12           **MR. STAPLETON:** No, categorically no, categorically

13   no.  The characterization --

14           **THE COURT:** Tell me why.

04:03:08PM 15           **MR. STAPLETON:**  -- the characterization --

16           **THE COURT:** I get your answer is no, but tell me

17   why.  That was pretty clear.

18           Did you get that down, Ms. Macri?

19           **THE REPORTER:** I did.

04:03:16PM 20           **MR. STAPLETON:** Your Honor, the characterization of

21   PLCAA as an affirmative defense is a gross misrepresentation

22   of its statutory purpose.  PLCAA is not an affirmative

23   defense.  PLCAA is not a shield.  It is a sword.

24           The issue of preemption --

04:03:28PM 25           **THE COURT:** How can it be a sword if it bars certain

actions?  It says you can't bring certain actions, they call

them qualified actions.  They list certain exceptions,

exemptions.  But -- well, all right.  I'll hear your argument.

I think Mr. Schissel might differ somewhat.

04:03:48PM **MR. STAPLETON:** I'm sure my colleague across the

aisle does differ with me, but the issue of preemption is not

an affirmative defense reserved for trial.  The language of

the statute is very clear.  The language of the statute says

qualified civil liability actions are entitled to immediate

04:04:04PM dismissal.

The Federal Rules of Civil Procedure allow for a

motion --

**THE COURT:** In either state or federal court.

**MR. STAPLETON:** Your Honor, it doesn't say -- Your

04:04:12PM Honor, it does not say only in federal court.  But the issue

of preemption, Judge, the issue of preemption is inherently a

federal question.

Preemption is not an affirmative defense, but a

challenge to a court's jurisdiction.

04:04:27PM **THE COURT:** Well, if Congress wanted us to focus on

preemption, if Congress wanted to take this out of the state

courts into federal court, don't you think they have the

wherewithal and the knowledge as to how to do that?

They are capable of doing some things and I think

04:04:41PM this would be one that they could say, you know, the federal

1    interest is so great that only litigation in federal court is

2    warranted, and they certainly didn't say that.

3            And I don't think the legislative history supports

4    that.  You know, you can read the statute, it's not very long.

04:04:56PM 5    But it certainly doesn't say -- in fact, it specifically says

6    that you can't use any part of the statute as sort of a

7    lynchpin to create a cause of action.

8            So if it's not a defense and a shield, I mean, it

9    protects defendants from being sued in certain kinds of

04:05:13PM 10    actions.  If that's not a defense, I don't know what is.

11            **MR. STAPLETON:** Well, Your Honor, the assessment of

12    the preemptive effect of congressional enactment termination,

13    of congressional intent and the boundaries and character of a

14    preemptive congressional enactment is a question of federal

04:05:29PM 15    law.

16            It's an antecedent federal question.  And the

17    simple fact that the congressional enactment of prohibiting

18    qualified civil liability claims in any jurisdiction certainly

19    does not defeat the defendants' right to have the scope and

04:05:48PM 20    extent of a federal statute prohibiting a subset of qualified

21    actions against a qualified seller, it doesn't invalidate our

22    basis for removal.

23            **THE COURT:** Let me hear from, before we get too far

24    afield, I don't want Mr. Schissel to think we've forgotten

04:06:09PM 25    about him.

         1          What say you to my comment that I view this PLCAA

         2   statute, if you will, as creating a defense to certain actions

         3   brought against manufacturers and dealers?

         4          Mr. Stapleton said no, no, no way.  No bloody way I

04:06:34PM 5   think he said.

         6          **MR. SCHISSEL:** He said categorically no,

         7   categorically no.  I believe that's what he said.

         8          **THE COURT:** All right.  So why -- am I missing

         9   something?

04:06:43PM10          **MR. SCHISSEL:** Your Honor, I think you're right on

        11   and it's not just me saying it.  The Courts have said it.  Let

        12   me just back up and get to PLCAA as a defense.

        13          Counsel's lead argument, as I understand it,

        14   they've abandoned the arguments they made in their original

04:07:00PM15   notice of removal and they're relying on complete preemption

        16   doctrine, which they go through extensively starting at page

        17   13 of their brief.

        18          What the case law says, the Supreme Court and a

        19   Western District of New York case that we cited, 2010 *In Re:*

04:07:16PM20   *Air Crash*, to have complete -- complete preemption, complete

        21   federal preemption over state law claims, the federal statute

        22   has to, quote, substitute a federal remedy for that law.

        23          The PLCAA statute expressly says --

        24          **THE COURT:** Like ERISA?

04:07:36PM25          **MR. SCHISSEL:** Like ERISA.  The PLCAA statute -- we

1    cite this in our brief, it says explicitly it is not creating

2    a federal remedy of law.

3             It says -- 15, U.S.C., 7903(5)(C) says, quote, no

4    provision of this chapter shall be construed to create a

04:07:54PM 5    public or private cause of action or remedy.

6             So all it is, Your Honor, is it is a defense.  What

7    it says is -- and what counsel is doing, respectfully, is he's

8    conflating his merits argument that our claims are barred by

9    PLCAA with the matter of subject matter jurisdiction, which is

04:08:17PM 10    what we're here today to discuss.

11             **THE COURT:** I mean, at some point in time they may

12    be deemed to be barred.

13             **MR. SCHISSEL:** They may be.  If we lose, they may be

14    barred.  But for purposes of today, the Second Circuit says in

04:08:33PM 15    the *City of New York vs. Mickalis Pawn Shop* case,

16    Second Circuit 2011, it was a PLCAA case and it says, quote,

17    PLCAA simply does not speak in jurisdictional terms or refer

18    in any way to the jurisdiction of the district courts.

19             It is not a jurisdictional statute, Your Honor.

04:08:56PM 20             And all it does is create a defense for certain

21    types of lawsuits, but also allows certain types of claims to

22    proceed, claims that we've alleged in our complaint.

23             Now, counsel says preemption is a matter of federal

24    jurisdiction that Your Honor needs to decide, that the state

04:09:15PM 25    court cannot decide it.

1          But they cite in their brief a case called

2   *Franchise Tax Board,* which is a U.S. Supreme Court from 1983

3   that says even when the defense is federal preemption, that

4   does not create federal jurisdiction.

04:09:30PM 5          That's an issue that state court can decide if

6   there's no other -- no other grounds for federal jurisdiction.

7          In this case there is no diversity.  There is no

8   federal question.  All they have and all they're asserting is

9   PLCAA, a federal statute, as a defense to our common law tort

04:09:48PM 10   claims, negligence, wrongful death, et cetera.

11          And so I think, Your Honor, it's probably a long

12  way of answering your question, but I think you have it

13  exactly right not just because I think so, but because the

14  cases say so.

04:10:00PM 15          There was a case just like this, Your Honor, we

16  cite in our brief, the only one we could ever find where the

17  gun industry actually asserts this preemption type argument in

18  a PLCAA case and that was out in the District of Montana, the

19  *Woods* case.  And there the judge said it's not a

04:10:14PM 20  jurisdictional statute.  A negligence claim that alleges

21  federal violations is still a state law negligence claim.

22          **THE COURT:** The *Woods* case, noted senior judge,

23  discussed many of the same issues that we have here and a

24  thoughtful opinion.

04:10:35PM 25          **MR. SCHISSEL:** Your Honor, I also wanted to make one

1    procedural argument that Your Honor has not asked about.

2           In their notice of removal, they made two very

3    specific arguments.  They said PLCAA is a defense, a federal

4    defense.  And they said we've alleged violations of federal

04:10:52PM 5    law in our case was the standard for negligence.

6           In the opposition to our petition, motion to

7    remand, they make these three new arguments, complete

8    preemption, the interstate commerce argument and the argument

9    that state courts can't be fair to them.

04:11:15PM 10           Those were not pled in the notice of removal and

11    the 30 days to assert grounds for removal have long passed.

12           There are cases and, Your Honor, we cited one

13    case -- we found three other cases in the Second Circuit, one

14    Second Circuit case and two district court cases.

04:11:33PM 15           I'm prepared to hand them up to Your Honor or give

16    you the cites that say you can't amend your notice of removal

17    in the context of a motion for remand.

18           There was one case, and I can give you the cites

19    for them, where the defendant removed saying that -- that the

04:11:51PM 20    diversity grounds, saying that the amount in controversy

21    exceeded $50,000, even though the jurisdictional limit is

22    $75,000.  And the Court denied the application to amend

23    because it was too late, and the Court deemed that

24    substantive.

04:12:06PM 25           I think now trying to effectively amend by adding

1    these three federal preemption and constitutional and fairness

2    arguments is even more substantive than an error like that,

3    Your Honor, so I think it's too late to make these arguments.

4              **THE COURT:** Mr. Stapleton, what say you about that?

04:12:23PM 5    There is a lot of law that talks about when you make your

6    application to remove, that you can't add subsequent arguments

7    after the 30-day period.

8              **MR. STAPLETON:** Well, Your Honor, I begin with the

9    recognition that Mr. Schissel is mischaracterizing our notice

04:12:40PM 10   of removal.

11             The words "affirmative defense" don't appear in

12   that notice of removal and I would challenge Mr. Schissel to

13   show me where they do.  So they don't appear there, Your

14   Honor.

04:12:50PM 15            **THE COURT:** I read the notice of removal today, and

16   I also read your more recent papers which are certainly much

17   more expansive and develop arguments that I don't think you

18   can glean from the four corners of the notice of removal.

19             **MR. STAPLETON:** Your Honor, the notice of removal

04:13:06PM 20   speaks of the preclusive effect of the Protection of Lawful

21   Commerce and Arm Acts -- Protection of Lawful Commerce and

22   Arms Act.

23             It does never and it does not describe PLCAA as an

24   affirmative defense.  It says that the -- that the plaintiffs'

04:13:24PM 25   claims are precluded by PLCAA.  That's the language that's in

1  there.

2            Mr. Schissel cites to a case that was decided in

3  1983, more than 15 years before PLCAA was decided.  So that's

4  certainly not a case that's on all fours with the issues here.

04:13:43PM 5            The arguments that we make in response to the

6  plaintiffs' motion are fair and invited arguments and don't

7  amount to an amendment of our notice of removal in any way.

8            We discuss the -- we discuss the preclusive effect

9  of PLCAA briefly in our notice of removal, the purpose of the

04:14:08PM 10  notice is not to be a brief on -- in opposition to a motion

11  for remand.

12            But we are not in any way attempting to amend our

13  notice of removal and I don't think our reply brief amounts to

14  the same.

04:14:24PM 15            The --

16            **THE COURT:** Let me turn to another issue just --

17  leaving aside the preemption argument for a minute, which I

18  understand you are advancing vigorously.

19            Aside from that, and I know that's a big aside, but

04:14:47PM 20  do you agree that state judges routinely or at least not

21  infrequently have to rule on federal statutory issues?

22            I mean, not to mention constitutional issues, First

23  Amendment issues, Fourth Amendment issues, discrimination

24  statute s, tax statutes.  There are many instances where state

04:15:12PM 25  judges have to deal with federal law, which doesn't seem to me

1 a unique circumstance.

2       Why, leaving aside preemption, why couldn't a state

3 judge here decide the issues that you think should be decided

4 here?  They do it all the time in terms of federal law, state

04:15:33PM 5 law, constitutional law.

6       **MR. STAPLETON:** Your Honor, to be certain, state

7 courts do decide issues of federal law in state proceedings.

8 1983 actions, for example, can proceed in state court.

9       But what the plaintiffs are doing here by trying to

04:15:54PM 10 claim that the federal -- the federal laws they cite as

11 clearly predicate statutes and what is -- amounts to an

12 unabashed exercise in artful pleading, is not the equivalent

13 of asking a state court to decide a federal issue.

14       That is a pleading that's designed to avoid a

04:16:16PM 15 preemptive effect of a federal statute, which is the proper

16 business of a federal court to decide.

17       My friend has cited and has said, I believe, in his

18 articulation of his argument that precedes mine, that these

19 are common law state claims, that they are merely citing

04:16:37PM 20 federal statutes to somehow inform or establish a duty on

21 behalf of Gander to the plaintiffs.

22       That is nonsense.  The federal statute cited by the

23 plaintiffs are cited for the sole purpose of avoiding the

24 preemptive effect of the PLCAA statute.

04:16:54PM 25       The statutes they cite have no impact or relation

1  to any duty of care that can be imposed under a common law

2  negligence theory on Gander Mountain and a simple examination

3  of those statutes reveals that.

4  The statutes they cite, the first two, 18, U.S.C.,

04:17:14PM 5  Section 23 and Section 371 defined the term principal and

6  conspiracy charges under federal criminal law.

7  The second statute simply defines the federal crime

8  of conspiracy.

9  This is not a conspiracy case.  This is an

04:17:30PM 10  allegation of negligence.  The definition of principal as it

11  relates to the crime of conspiracy under the Federal Criminal

12  Code has no impact or relation to any duty imposed on it by

13  Gander.

14  18, U.S.C., 922(a) simply says that an individual

04:17:47PM 15  can't sell a firearm without a license.  There's no issue here

16  that Gander holds an FFL.

17  So that statute has nothing to do with the

18  imposition or creation of a duty or somehow supports a

19  negligence per se claim.

04:18:02PM 20  The fourth statute they cite, 922(a)(6), is the one

21  I believe that Dawn Nguyen pleaded guilty to in front of you,

22  which says that a buyer of a firearm cannot knowingly falsify

23  a firearm related record with the intent to deceive a seller.

24  Now, how on earth that could conceivably apply to a

04:18:24PM 25  duty that Gander Mountain owed to the estate of Mr.

1  Chiapperini or Mr. Kaczowka is quite simply beyond me.

2          **THE COURT:** Let's not get into merits here.  That

3  will be for another day either here or up the street.

4          Your brief makes a very strong statement

04:18:48PM 5  about state courts, which I don't think I've seen very often

6  in briefs.  That this court should exercise jurisdiction

7  because New York state courts have already shown a bias toward

8  local citizens in the context of PLCAA, and that an elected

9  judge is at a risk of misapplying federal law.

04:19:16PM 10          I mean, that's a pretty strong, disparaging

11  statement of my brother and sister judges in state court, that

12  somehow, leaving aside the plaintiffs' arguments, that the

13  *Williams* court didn't really do that.

14          But, I mean, that's -- plaintiffs suggest, you

04:19:36PM 15  know, if this is not court shopping or judge shopping, we

16  don't know what is.

17          I don't think they said "we don't know what is,"

18  but, I mean, that's a pretty strong statement to -- I don't

19  say slander the state courts, but you're impugning the whole

04:19:50PM 20  New York state judiciary that they can't be fair because it's

21  a publicized case, which happens pretty much every week around

22  here.

23          **MR. STAPLETON:** Judge, I think it's -- I think -- I

24  think it's -- well, first of all, we stand by the comments we

04:20:02PM 25  made regarding the particular decision in *Woods vs. Miller*.

1          Needless to say, it was not on my Christmas list.

2          **THE COURT:** I said *Williams,* I'm sorry, I

3     correctly --

4          **MR. SCHISSEL:** It's *Williams*, Your Honor.

04:20:14PM 5          **MR. STAPLETON:** That's correct.  So --

6          **THE COURT:** I was right?

7          **MR. SCHISSEL:** You were right.

8          **THE COURT:** Always happy when that happens.  I'm

9     sorry for interrupting.

04:20:21PM 10          **MR. STAPLETON:** That's okay.  We certainly are not

11     seeking to avoid any effect of *Williams*.  We think *Williams*

12     stands out as a shining example of how a state court

13     completely implodes the obvious purpose of the PLCAA, and that

14     is to preclude qualified access from going forward.

04:20:40PM 15          What we see in *Williams* is the wholesale subversion

16     of a federal preemptive statute to a local Rule of Civil

17     Procedure with no regard to congressional intent in enacting

18     the federal statute.

19          Now --

04:20:55PM 20          **THE COURT:** That still sounds like you just think

21     the state courts are going to be completely biased and

22     unwilling to accept arguments that you think they should, and

23     that's troubling to me.

24          **MR. STAPLETON:** Your Honor, I recognize that that is

04:21:06PM 25     a -- that is a strong statement.  It's also impossible to

1  ignore what this particular case is about.

2          It's impossible.  This is -- this is -- this is --

3  this is a horrible tragedy that has had a dramatic impact on

4  this community.  I don't think, should this case ever get to a

04:21:29PM 5  jury selection phase, which I doubt that it will, but should

6  it ever get that far, that we're going to find a juror that

7  hasn't heard of this, hasn't been affected by it, hasn't been

8  impacted and knew someone who knows the Chiapperini's or the

9  Kaczowka's or the Hofstetter's or any of the plaintiffs.

04:21:46PM 10          That's a simple reality.  The fact is state court

11  judges are elected officials.

12          **THE COURT:** We get our same jury pool in federal

13  court that they do in state court.

14          **MR. STAPLETON:** Yes, Your Honor.

04:21:56PM 15          But -- but -- but Your Honor is not put that the

16  the bench in the same process and subject to the same

17  political influences that state court judges are.

18          **THE COURT:** Well, now I get back to my -- I mean,

19  that doesn't give very much honor to the integrity of the

04:22:17PM 20  those judges who do have to make tough decisions and yes, face

21  election.  And I often comment that it can be difficult in

22  that sort of a system, although the elections there are spaced

23  out over 14 years or 10 years, which is a long time.

24          But I just -- I mean, I read your brief and the

04:22:39PM 25  plaintiffs suggest it's tantamount to judge shopping, although

1  I'm not sure why federal courts wouldn't be moved by the

2  tragedy as well.

3           We're all human, but I think we all take an oath to

4  uphold the law and we all try to do it as best we can.

04:22:56PM 5           **MR. STAPLETON:** And, Judge, I have no doubt of that.

6  And I think the same argument could be leveled at the

7  plaintiffs with equal force and effect.

8           The plaintiffs have artfully pleaded a complaint

9  that's designed to, number one, maximize damages by placing it

04:23:10PM 10 in the state forum and avoid a preclusive effect of a federal

11 law.  If there's anybody who is forum shopping here, it's the

12 plaintiffs.

13          There is --

14          **THE COURT:** On the other hand, plaintiffs are the

04:23:20PM 15 masters of their complaint.  They choose the complaint, they

16 choose the forum.

17          **MR. STAPLETON:** That's true.

18          **THE COURT:** Defendants don't.

19          **MR. STAPLETON:** Judge, that's true.  The plaintiffs

04:23:28PM 20 are the masters of the complaint.  They're allowed and

21 entitled to draft a well-pleaded complaint, and my respected

22 opponents have drafted a very fine complaint.

23          However, they are not allowed to artfully plead in

24 order to avoid removal or the preemptive effect of a federal

04:23:44PM 25 statute, and that's exactly what they've done here.

1          Judge, perhaps a more palatable argument regarding

2     or relating to the issue of state court bias, which is really

3     the fourth prong of the *Gunn* test.

4               **THE COURT:** Of the what?

04:24:05PM 5          **MR. STAPLETON:** The *Gunn* test.  The four prong

6     federal question standard established by the Supreme Court in

7     the case of *Gunn*, which we cite in our brief very briefly, the

8     standards, the four prongs are in order to find the federal

9     question exists and that removal is proper under federal

04:24:25PM 10    question, there has to be a federal -- an issue that is

11    necessarily raised, which the plaintiffs' complaint

12    necessarily does.

13          It has to be disputed, and obviously we are in

14    dispute about this.

04:24:36PM 15         We claim that PLCAA has a preemptive effect on the

16    complaint.  Plaintiffs, I am sure, say it does not.

17          The issue has to be substantial, and in the *City of*

18    *New York vs. Beretta* the Second Circuit has already found

19    substantiality in this issue relating to interstate commerce.

04:24:53PM 20         The recognition that prohibited lawsuits

21    substantially burden an industry, which is by its nature

22    interstate, if not international.

23          And then the fourth prong is that removal has to be

24    effectuated such that it doesn't disrupt the congressionally

04:25:10PM 25    approved division of labor between federal and state courts.

That comment, that argument regarding bias, was made with
respect to the fourth prong of the *Gunn* test.

Your Honor, I would submit to you that there are
equally persuasive reasons why that fourth prong is satisfied.

Clearly, PLCAA does not violate separation of
powers, does not violate the Tenth or the First Amendment.  It
does not intrude upon true local matters.

And Your Honor had asked me what is, in sum and
substance, you know, can the state court decide federal
issues?  And the answer is yes.  With the same frequency,
perhaps less than federal courts are called upon to decide
federal issues that arise out of state law claims.

What is equally important is that allowing this
case to remain here in this court would not disrupt the
balance of division of labor, it wouldn't open the flood gates
of litigation.

And while these cases, these shooting cases, are of
legitimate public concern, and there have been a number of
them in recent years, there's no disputing the fact that these
are rare occurrences, that shootings with semi-automatic
firearms historically over decades account for less than 1% of
gun crimes across the country year in and year out.

There's no -- there's no -- there's no question
that allowing this case here, to remain here would somehow
disrupt the division of labor between the state and federal

1  courts.

2          And I say that, Your Honor, understanding that it

3  is a tough sell to ask you to recognize that there may be a

4  potential state court bias.

04:27:14PM 5          So I thank you for hearing me on that issue today.

6          **THE COURT:** Appreciate that.  Well, I think we've

7  had a good exchange here.

8          Let me give you both perhaps the right to close

9  without interruption from me.  I say perhaps because sometimes

04:27:34PM 10  I can't control myself, but I think we've covered a lot of the

11  waterfront.  We should focus, of course, on why we are here,

12  and that is the motion to remand.

13          So I think, Mr. Stapleton, I'll give you first

14  crack, but, again, in the interest of the shortness of life, I

04:27:53PM 15  think we've covered a lot of this, but if you have some

16  thoughts, arguments that you don't think we've covered enough,

17  you know, I'll give Mr. Schissel as the movant the last word

18  here.

19          **MR. STAPLETON:** Your Honor, I would just say, you

04:28:07PM 20  know, that in 2005 when Congress passed PLCAA, this court and

21  all federal courts necessarily acquired jurisdiction over

22  disputes concerning congressional authority, intent to preempt

23  a subset of traditional state law claims.

24          Regardless of the fact that the underlying causes

04:28:26PM 25  of action may arise under state law, preemption is not an

1   affirmative defense.

2           It is a matter of threshold first instance analysis

3   in which every single one of the plaintiffs' causes of action

4   have to be viewed.

04:28:44PM 5           I think at the risk of being redundant, I'm going

6   to stop there and thank you for hearing me, Your Honor.

7           **THE COURT:** All right, thank you.

8           Mr. Schissel, anything you'd like to say in

9   conclusion?

04:28:54PM 10           **MR. SCHISSEL:** Yes, Your Honor, I'll be brief.  Just

11  three or four points I'd like to make, if I may.

12          **THE COURT:** Go ahead.

13          **MR. SCHISSEL:**  First of all, going back to this

14  notice of removal, I think it's important, counsel says it

04:29:09PM 15  doesn't mention affirmative defense.

16          It doesn't mention complete preemption.  It doesn't

17  mention interstate commerce.  And it doesn't mention this

18  state court bias argument, which as I hear -- read their brief

19  and now hear counsel argue, are the three grounds on which

04:29:27PM 20  they are now seeking this court's jurisdiction.

21          And we cited -- and the reason they're doing that,

22  Your Honor, is because we filed a motion for remand that

23  cited -- and I won't go through it all, U.S. Supreme Court

24  case after U.S. Supreme Court case, Western District case that

04:29:46PM 25  debunks the original grounds on which they remove, which was

1  we allege violations of federal law in the context of garden

2  variety tort claims.  That does not provide federal

3  jurisdiction.

4          They asserted a federal statute as a defense.

04:30:01PM 5  U.S. Supreme Court cases say that doesn't provide federal

6  jurisdiction.

7          So instead in the context of this motion, not their

8  original removal, they come up with these three new arguments.

9          None of which for the reasons we discussed today

04:30:16PM 10  and for the reasons set forth in our brief have any merit,

11  just like the original two arguments that they made.

12          Now, Your Honor, I would like to pass up, because

13  we did find three additional cases and just for the record,

14  *Lupo vs. Human Affairs International,* 28 F.3d 269,

04:30:35PM 15  Second Circuit 1994; second case is *Webgistix,*

16  W-E-B-G-I-S-T-I-X, a 2013 Western District of New York case;

17  and *Yorkshire-Pioneer Central School District vs. Travelers,* a

18  2002 Western District case, that all say you cannot amend your

19  notice of removal in the context of a motion for remand.

04:31:00PM 20          Your Honor, with respect to complete preemption, I

21  think we've been through that.  The statute makes very clear

22  that it is not creating a public or private cause of action.

23          It is explicit.  And if it's that explicit, there

24  can never -- it cannot be complete preemption, which by the

04:31:16PM 25  way, Your Honor, the U.S. Supreme Court has found in only

1    three instances.

2              And as Your Honor said, if Congress wanted every

3    case against the gun industry to be brought in federal court,

4    it would have said so.

04:31:31PM 5              Interstate commerce argument, I'll rest on our

6    brief.

7              The state court bias argument, as ludicrous as I

8    think that argument is, Your Honor, even if it were true,

9    which it is not, how does that give rise to federal

04:31:45PM 10   jurisdiction?  That's not a ground for federal jurisdiction

11   because the defendant doesn't like the jurisprudence in a

12   state court.

13             Finally, Your Honor, what I would like to conclude

14   with and I'm not going to beat this to death, but just like

04:31:58PM 15  the case in Montana where the same arguments were made, and

16   the Court said, no, that case belongs in state court, the

17   Court found in that case that there was no objectively

18   reasonable basis for removal.  And in this case the purported

19   grounds in the notice of removal were directly contrary to

04:32:19PM 20  U.S. Supreme Court precedent.

21             There's no objectively reasonable basis for the

22   three new arguments.  I think this presents that rare case

23   where an award of fees and costs associated with this motion

24   are appropriate.

04:32:34PM 25             And with that, Your Honor, unless you have any

questions, we rest on our papers and I thank you for your

time.  And I would just like to hand up these cases and I have

copies for counsel as well.

**THE COURT:** Well, I'm prepared to rule.

04:32:56PM There is not a great deal of case law in this area.

The statute is relatively brief and I've had the benefit of

the papers submitted by both sides.

I believe that plaintiffs' motion is well-founded

and that the case should be remanded to state court.

04:33:23PM I think, as I said, plaintiff has the right to

draft their complaint, to choose the forum, and I think the

burden is on the party seeking removal to demonstrate that the

original forum is improper.

Case law so suggests, and I think correctly so,

04:33:49PM that where there's uncertainties, it should be resolved in

favor of remand to state court.

I think the claims that are advanced here are

essentially state law claims, sounding in negligence, failure

to exercise due care and so forth.

04:34:09PM And I think it's clear that, although defendants

raise the Protection of Lawful Commerce and Arms Act, PLCAA,

at 15, U.S.C., Section 7901, et seq., possibility of raising a

federal statute as a defense, which I think is what the

defendants seek to do here, is not a proper ground for

04:34:36PM removal.

1        I don't believe that this statute provides by its

2   terms subject matter jurisdiction in federal court.

3        I discussed whether this statute really provides a

4   shield against certain claims.  It was not my use of the term,

04:35:06PM 5   but Judge Lovell's in the *Woods vs. Stedman's Hardware* case, a

6   District Court of Montana case decided last year 2013,

7   U.S. Dist. Lexis 26261.

8        I think a thorough decision by Judge Lovell, much

9   of which I agree with, in terms of his analysis of PLCAA and

04:35:41PM 10  whether it creates a federal cause of action and whether it

11  does preempt any actions in state court.

12        The statute at 15, U.S.C., Section 7903(5)(c),

13  specifically references that no provision of the act shall be

14  construed to create a cause of action.

04:36:04PM 15        I'm not convinced that that statute is one of those

16  rare circumstances where the Congress has preempted the field

17  and directed matters to proceed only in federal court.

18        I think Congress has done that, although in rare

19  instances, but in my view they have not done so here.

04:36:30PM 20        In other words, I don't believe there is any

21  federal question jurisdiction here.

22        I think the statute that we have talked about does

23  not preclude all actions against manufacturers and dealers in

24  firearms .

04:36:53PM 25        They preclude quite a lot, and I think it's a

1  question for another day as to whether plaintiffs' claims

2  relative to some that might be considered exemptions under

3  Section 7903(5), negligent entrustment, negligence per se, and

4  whether the seller knowingly violated the statute, those are

04:37:16PM 5  not insignificant hurdles.

6         But I think Congress created these exceptions.

7  They could have made -- they could have barred any action

8  against a manufacturer.  They chose not to do that.  There is

9  a window of opportunity for the plaintiff to attempt to come

04:37:32PM 10  within those exceptions, something we do not decide on a

11  motion to remand.

12         I don't accept the notion that because the state

13  court is what it is, an elected judiciary, that sometimes,

14  somehow that gives federal court a grounds to keep the case in

04:38:02PM 15  federal court.  It's not a grounds for removal.

16         I've carefully considered the defendants'

17  alternative grounds and don't find them to warrant the relief

18  that they seek, that is, to keep the case here in federal

19  court under its original removal pleading.

04:38:30PM 20         At the end of the day, I just believe that

21  plaintiffs have the asserted state court claims and that

22  defendants have a defense that they think is strong, but that

23  is not a basis for this Court to allow the removal that was

24  filed that the the grounds that it was filed.

04:38:54PM 25         Based on this ruling, I don't think I need to

resolve plaintiffs' argument that the grounds now advanced by

defendant were not initially raised in their removal notice

and, therefore, should not be considered.

04:39:17PM          I've considered the sanction motion.  I think it's

a close call, but I think it is relatively unusual

circumstance when judges award sanctions.  Counsel should have

some leeway to pursue arguments that might be -- I don't want

to say -- well, strong arguments that -- to advance the law.

This is a relatively new statute and so I decline to issue

04:39:51PM sanctions in this case, although I understand I have the

authority to do so.

          So I will grant the plaintiffs' motion to remand

under 28, U.S.C., Section 1447(c).  This constitutes my

decision.  I may write further on it, but may not.  You should

04:40:21PM consider this the Court's decision.

          I guess, Mr. Schissel, I would ask you to prepare

an order, submit it to your opponent as to form within the

next week.

          **MR. SCHISSEL:** Will do, Your Honor, we will do that.

04:40:37PM          **THE COURT:** Anything else we can do?

          **MR. SCHISSEL:** Nothing from me.  Thank you, Your

Honor.

          **THE COURT:** Thank you both.  Have safe travels back.

          **MR. SCHISSEL:** Thank you.

04:40:45PM          (**WHEREUPON**, the proceedings adjourned at 4:40 p.m.)

1                            *    *    *

2                    **CERTIFICATE OF REPORTER**

3

4          In accordance with 28, U.S.C., 753(b), I certify that

5    these original notes are a true and correct record of

6    proceedings in the United States District Court for the

7    Western District of New York before the Honorable David G.

8    Larimer on July 28th, 2014.

9

10   S/ Christi A. Macri

11   Christi A. Macri, FAPR-RMR-CRR-CRI
     Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25